# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| ALEXANDER JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-90 (CDL) |
| | * | 28 U.S.C. § 2254 |
| WARDEN AMMON, *et al.*, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Unexhausted. (R-11). Petitioner was notified of his right to respond to the Motion, but has failed to do so. The procedural history of ths case reveals that Petitioner Johnson, who is currently incarcerated in the Autrey State Prison in Pelham, Georgia, was convicted of armed robbery, aggravated assault, hijaking a motor vehicle, criminal attempt to commit armed robbery, theft by taking, possession of a firearm during the commission of a crime, and obstruction on January 31, 2003, in Muscogee County, Georgia. Petitioner states that he was sentenced to serve a split sentence of seventeen years in prison to be followed by ten years on probation. (R-1).

In his Motion to Dismiss (R-11-1), the Respondent contends that Petitioner has failed to file a state habeas action regarding his conviction. Respondent contends that none of the issues presented to the court were previously raised in the state courts. The Respondent, therefore, has moved the court to dismiss Petitioner's application for federal habeas relief

as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

As stated previously, Petitioner has failed to file a response to Respondent's Motion to Dismiss Petitioner for Lack of Exhaustion. However, in his petition, Petitioner admitted that he "bypassed [the] state habeas court," although he blames such on the time constraints under the AEDPA. (R-1, p.3).

As stated above, this court is generally not authorized to entertain a petition for

2

federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that Petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc